G. SCOTT HAISLET, SBN: 184737
MICHAEL T. BEUSELINCK, SBN: 251991
LAW OFFICE OF G. SCOTT HAISLET
986 Moraga Road
Lafayette, California 94549
Telephone: (925) 283-1031
Facsimile: (925) 283-3850

Attorneys for SUPREET KAUR
Personal Representative of Plaintiff SOMRAJ SINGH's Estate

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMRAJ SINGH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASIANA AIRLINES, INC., a foreign corporation, and DOES 1-25,<br><br>Defendants. | **Case No. C-14-05556-EMC**<br><br>**RESPONSE TO ORDER TO SHOW CAUSE BY DECEDENT PLAINTIFF'S PERSONAL REPRESENTATIVE SUPREET KAUR**<br>ORDER SETTING CMC |

Plaintiff's daughter and personal representative of the Estate of Somraj Singh, SUPREET KAUR ("Kaur"), hereby submits this Response to the Court's Order to Show Cause (Docket No. 29). Kaur intends to prosecute this action on behalf of Singh's estate and therefore makes this appearance before this Court. Kaur respectfully requests her substitution as Plaintiff in this action. Kaur also respectfully requests this Court to schedule a Case Management Conference.

**A.     Introduction**

Plaintiff SOMRAJ SINGH ("Plaintiff") died on June 18, 2015. (See Declaration of Michael T. Beuselinck submitted concurrently ["Beuselinck Decl."], ¶ 2.) He was survived by his wife and four children. (Beuselinck Decl. ¶ 2.) Plaintiff's eldest three children were not in direct contact with Plaintiff's wife of three years. (Beuselinck Decl. ¶ 2.) It therefore was unknown if the wife was going

to probate Plaintiff's estate. (Beuselinck Decl. ¶ 2.) Plaintiff's daughter SUPREET KAUR ("Kaur") therefore decided to petition for probate of Plaintiff's estate. (Beuselinck Decl. ¶ 2.) Kaur did not know whether the wife would contest Kaur's petition and assert a superior right to serve as Plaintiff's personal representative and administer the estate. (Beuselinck Decl. ¶ 2.) Notwithstanding, Kaur obtained the earliest possible hearing date available in the Alameda County Superior Court for the State of California. (Beuselinck Decl. ¶ 2.) The petition hearing was set by the probate court for August 25, 2015. (Beuselinck Decl. ¶ 2.)

Kaur respectfully requests this Court to accept the timeliness of this Response as it was filed the earliest that Kaur had the authority to serve as personal representative of Plaintiff's estate. An order granting Kaur's petition was only issued recently on August 25, 2015, which was one day after this Court's deadline to file a Response to the Order to Show Cause. (Beuselinck Decl. ¶ 3.) However, Kaur's appointment was not fully effective until Kaur filed a bond and obtained certified Letters of Administration filed with the probate court. (Beuselinck Decl. ¶ 3.) These filings still have not occurred but are imminent. (Beuselinck Decl. ¶ 3.) In an abundance of caution, Kaur is filing this Response immediately after her counsel was informed by receipt of service of Defendant ASIANA AIRLINES, INC.'s ("Defendant") request for dismissal of this action. (Beuselinck Decl. ¶ 3.)

### B. Defendant Did Not Properly Serve This Court's Order to Show Cause on Plaintiff's Estate

Defendant's counsel claims proper service of this Court's Order to Show Cause in the filed certificate of service, declaration and attached. This Court's Order to Show Cause stated that Defendants were order to "serve a copy of this Order **on Mr. Singh's estate** and the 'attorney representing Mr. Singh's daughter in probate proceedings' referred to in Defendant's Case Management Statement." (Docket No. 29.) (Emphasis added.)

Defendant failed to effectuate proper service of this Court's Order pursuant to the Order itself. (Beuselinck Decl. ¶ 6.) No one is authorized to transact business for an estate unless and until appointed by the court. *Lamkin v. Vierra* (1961) 198 Cal.App.2d 123, 128. Indeed, California does not recognize the "doctrine of relation back," validating certain acts taken on behalf of an estate prior to

appointment of a personal representative. *Coats v. K–Mart Corp.* (1989) 215 Cal.App.3d 961, 967–968. It was impossible to serve a copy of this Court's Order on Mr. Singh's estate until August 25, 2015. (Beuselinck Decl. ¶ 6.) Until an order was issued by the probate court to open Plaintiff's Estate, *there was no estate in existence*. (Beuselinck Decl. ¶ 6.) Until Kaur was ordered by on August 25, 2015, to serve as Plaintiff's personal representative, it was impossible for Defendants to serve the Order on Plaintiff's estate. (Beuselinck Decl. ¶ 6.) At no time did Kaur's counsel agree to accept service on behalf of Plaintiff's estate, and it further was not legally capable of accepting service. (Beuselinck Decl. ¶ 6.)

Notwithstanding Defendant's certificate of service, Kaur's counsel never received service of the Order. (Beuselinck Decl. ¶ 6.) It received no communications from Defendant's counsel regarding the existence of this Court's order. (Beuselinck Decl. ¶ 6.) Rather, on July 10, 2015, Defendant's counsel only sent an email admitting that it had "no experience whatsoever in probate" and requested Kaur's counsel to "excuse my ignorance." (Beuselinck Decl. ¶ 7 and Exhibit A.) The email stated that "[w]e need to serve documents on Mr. Singh's estate, who would that be?" (Beuselinck Decl. ¶ 7 and Exhibit A.) Although Kaur's counsel had already explained the circumstances only days prior, the same day Kaur's counsel responded that "technically there is no 'Estate' and nobody exists to speak or accept documents on Mr. Singh's behalf. Specifically, no person has been appointed by the court as 'personal representative' of the Mr. Singh's estate." (Beuselinck Decl. ¶ 7 and Exhibit A.) Kaur's counsel further stated that "[u]ntil Ms. Kaur is appointed (and substitutes as plaintiff), technically there is no person you could serve with the documents who has authority to act on behalf of Mr. Singh. At that time, you will be able to serve that person with documents." (Beuselinck Decl. ¶ 7 and Exhibit A.)

Also consistent with the prior conversation between counsel stating the intention to continue proceeding with this action, Kaur's counsel wrote that "[w]e are planning to petition the probate court to have Supreet Kaur (daughter) appointed as the personal representative of the Estate. The appointed personal representative – whether Ms. Kaur or someone else – would be able to make a motion to substitute as the plaintiff in any lawsuit pending by Mr. Singh. If no person is appointed by the court as personal representative, a 'successor in interest' can also make the motion." (Beuselinck Decl. ¶ 7

3

and Exhibit A.)

On July 20, 2015, after Kaur filed the petition to probate Plaintiff's estate, Kaur's counsel wrote an email to Defendant's counsel stating that the petition had been filed, the case number and venue, and the hearing date of August 25, 2015. (Beuselinck Decl. ¶ 8 and Exhibit A.) Defendant's counsel did not respond and did not inform this Court that Kaur would not be able to act or accept service of any documents in this action before this Court's Order to Show Cause deadline of August 24, 2015. (Beuselinck Decl. ¶ 8 and Exhibit A.)

### B. This Response Was Filed Immediately After Kaur Was Legally Capable; Defendant's Case Management Statement Misrepresented Kaur's Intentions

Upon being engaged to represent Kaur in the probate action, Kaur informed counsel that this civil action also existed. (Beuselinck Decl. ¶ 4.) Kaur's counsel reviewed the docket and discovered that a joint case management statement was due for filing in this Court. (Beuselinck Decl. ¶ 4.) On July 8, 2015, Kaur's counsel thus contacted Defendant's counsel to inform them that Plaintiff had recently died. (Beuselinck Decl. ¶ 4.) Kaur's counsel informed Defendant's counsel that Kaur intended to petition for probate and substitute as the plaintiff in this action. (Beuselinck Decl. ¶ 4.)

Defendant's unverified case management statement *completely* misrepresented the conversation in an unscrupulous attempt to mislead this Court and obtain a dismissal under false pretenses. Kaur's counsel never received service of Defendant's Case Management Statement. (Beuselinck Decl. ¶ 4.) Kaur's counsel *never* told Defendant's counsel that "it is unlikely that anyone would be interested in substituting in for Mr. Singh to pursue the suit against Asiana." (Beuselinck Decl. ¶ 4.) On the contrary, Kaur's counsel stated that no person had the legal authority at the time to represent Mr. Singh's interest in this action because no person had been appointed by the probate court to serve as Mr. Singh's personal representative. (Beuselinck Decl. ¶ 4.) Kaur's counsel further stated that until a personal representative was appointed, no person had the authority to decide whether to pursue this action, file any documents on Mr. Singh's behalf, or act on behalf of Mr. Singh's interests. (Beuselinck Decl. ¶ 4.)

Kaur's counsel told Defendant's counsel that it was familiar with substitution of plaintiffs in

4
___
**RESPONSE TO ORDER TO SHOW CAUSE BY DECEDENT
PLAINTIFF'S PERSONAL REPRESENTATIVE SUPREET KAUR**

1  California State courts, but needed to determine the proper procedure for substitution of decedent
2  plaintiffs in Federal courts. (Beuselinck Decl. ¶ 4.) Because of the possibility that Plaintiff's wife
3  would assert a superior right to appointment as personal representative, Kaur's counsel stated that after
4  Kaur was appointed, Kaur's counsel would begin preparations for notifying this Court of Mr. Singh's
5  death and substitution of Kaur as plaintiff in this action. (Beuselinck Decl. ¶ 4.) Consistent with the
6  expressed intention to substitute the plaintiff, Kaur's counsel sent a follow-up email stating that Kaur's
7  counsel would "be in touch as soon as I found out what will be needed to update the court re: Mr.
8  Singh's death." (Beuselinck Decl. ¶ 5 and Exhibit A.)
9      Defendant's counsel never informed Kaur's counsel that Defendant was seeking a dismissal of
10 this action. (Beuselinck Decl. ¶ 6.) Defendant's counsel also refused to correct the misrepresentation in
11 Defendant's Case Management Statement, instead continuing its attempt to surreptitiously obtain a
12 dismissal of this action. Upon receiving Defendant's Notice (Docket No. 31) on August 31, 2015,
13 Kaur's counsel discovered on this Court's docket of the Order to Show Cause and Defendant's
14 misrepresentation in Defendant's Case Management Statement. (Beuselinck Decl. ¶ 9.) Kaur's counsel
15 immediately contacted Defendant's counsel by telephone to request a correction of the
16 misrepresentation. (Beuselinck Decl. ¶ 9.) Defendant's counsel refused and insisted that "I remember
17 the conversation." (Beuselinck Decl. ¶ 9.) When the contents of the email sent to him on July 10,
18 2015, were recited which contradicted Defendant's Case Management Statement, Defendant's counsel
19 again reiterated that "I remember the conversation." (Beuselinck Decl. ¶ 9.) Defendant's counsel did
20 not offer to produce a memorialization of the conversation upon request. (Beuselinck Decl. ¶ 9.)
21 Defendant's counsel stated that Kaur's counsel's telephone call was a "monologue," again refused to
22 correct his misrepresentation, and ended the conversation. (Beuselinck Decl. ¶ 9.)
23     **D.**    <u>**Conclusion**</u>
24     This Court's order states that "Plaintiff's estate or other authorized representative is
25 ORDERED to show cause why this action should not be dismissed." (Docket No. 29.) Kaur
26 respectfully submitted this Response as soon as she had the legal capacity to take such actions on
27 behalf of Plaintiff's Estate. Kaur respectfully requests that she be substituted as the Plaintiff in this

5
_____
**RESPONSE TO ORDER TO SHOW CAUSE BY DECEDENT**
**PLAINTIFF'S PERSONAL REPRESENTATIVE SUPREET KAUR**

n:\3708 data files\legal dox\legaldox clients\'k'\kaur, supreet\asiana case\32-response to order to show cause.doc

1  action, and that this Court set further dates for a Case Management Conference.

2      Respectfully submitted.

3                                                    LAW OFFICE OF G. SCOTT HAISLET

4  Dated: August 31, 2015                  By:    /s/ Michael T. Beuselinck

                                                                      G. SCOTT HAISLET

5                                                                        MICHAEL T. BEUSELINCK

                                                                      Attorneys for Personal Representative of

6                                                                        Plaintiff SOMRAJ SINGH's Estate

7                                                                        SUPREET KAUR

8

9  IT IS SO ORDERED that a case management conference is scheduled for
   October 1, 2015 at 9:30 a.m.  A joint cmc statement shall be filed by

10  September 24, 2015.
   _____

11  Edward M. Chen
    U.S. District Judge

[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen, United States District Court, Northern District of California]

---

6

**RESPONSE TO ORDER TO SHOW CAUSE BY DECEDENT
PLAINTIFF'S PERSONAL REPRESENTATIVE SUPREET KAUR**

n:\3708 data files\legal dox\legaldox clients\'k'\kaur, supreet\asiana case\32-response to order to show cause.doc